SIMON DALSHEIMER et al.

*v.*

GRAPHIC ARTS COMPANY et al.

[Submitted February 18th, 1916.   Determined March 23d, 1916.]

1. Under the statutes touching dividends to stockholders and distribution of capital to stockholders, after payment of debts, a transaction whereby a New Jersey corporation, pursuant to resolution of directors, transferred all its property to a Delaware corporation of the same name, receiving in return stock in the Delaware company, which it, the New Jersey company, redistributed to its own stockholders in return for the surrender of their stock, was illegal, though the articles of incorporation of the New Jersey company provided that with the consent, and pursuant to the vote of the holders of the majority of its stock, the directors should have power to sell or otherwise dispose of the whole property of the corporation.

2. On bill for relief by a stockholder of a New Jersey corporation which has been rendered insolvent by the transfer of its assets to a Delaware corporation in return for stock in the Delaware company, which it distributed to stockholders in return for their stock, the only practicable relief which can be afforded is the appointment of a receiver of the New Jersey corporation, legal title to the assets of the New Jersey company being in the Delaware corporation, the Delaware corporation and its directors being non-residents and not having appeared, and few if any of its assets being in New Jersey.

3. A stockholder's bill, in behalf of his corporation, to set aside a contract which has been made by the board of directors with its members, must be promptly filed, or it cannot be maintained for laches.

4. Laches cannot be attributed to the creditor of a corporation, who is also a stockholder, seeking appointment of a receiver, for his failure to protest or make known his dissent to a transaction whereby the corporation, which is insolvent, has been unlawfully deprived of legal title to its assets by resolution of its board of directors, transferring them to another company, in return for stock to be distributed to stockholders.

5. The usual governor's proclamation against the charter rights of the corporation for non-payment of taxes in no way interferes with the appointment of a receiver to collect the assets and wind up the affairs of an insolvent corporation.

On final hearing. On bill for relief.

*Messrs. Grey & Archer,* for the complainants.

*Messrs. Bourgeois & Coulomb,* for the defendants.

LEAMING, V. C.

Complainant Dalsheimer is a stockholder and creditor of defendant Graphic Arts Company, a corporation of this state, and seeks relief against a transfer of the assets of the corporation, which transfer has been heretofore made to a corporation of another state.

The transaction of which complaint is here made may be briefly characterized as an attempt of the New Jersey corporation to abandon its New Jersey charter and to operate in the future under a Delaware charter in order to escape the burden of the New Jersey annual franchise tax. The method adopted was simple but unscientific. A Delaware corporation was formed of the same name and capitalization as the New Jersey corporation, and the directors of the New Jersey corporation, by resolution, then authorized a transfer of the entire assets of the New Jersey corporation to the Delaware corporation in consideration of the Delaware corporation assuming the debts of the New Jersey corporation and issuing its capital stock to the several stockholders of the New Jersey corporation upon such stockholders surrendering their New Jersey stock. A stockholders' meeting then approved the plan and the transfer of

assets was made, and all stockholders of the New Jersey corporation, except two, surrendered their New Jersey stock and accepted an equal number of shares in the Delaware corporation. The former board of directors of the New Jersey corporation were made directors of the Delaware corporation, and that corporation has since operated without change or disturbance of the business or its methods.

Complainant, a large stockholder, and also a large creditor of the New Jersey corporation, has at no time consented to these proceedings. His bill seeks a decree declaring the proceedings unlawful and void and setting aside the transfer of the assets, and, in the event of this being found impracticable or impossible in this suit, praying for the appointment of a receiver to conserve the assets and rights of the New Jersey corporation and its creditors.

The New Jersey corporation and the Delaware corporation, and all the directors of the Delaware corporation, are made defendants. The New Jersey corporation has answered; all the other defendants, except one director, are non-residents and have refused to submit themselves to this jurisdiction.

It is obvious that no legal justification can be found to support the proceedings which have been taken. It has been urged, in behalf of defendant, that the transfer of assets is authorized by the following provision of the articles of incorporation of the New Jersey corporation:

"With the consent in writing and pursuant to the vote of the holders of a majority of the stock issued and outstanding, the directors shall have power and authority to sell, assign, transfer or otherwise dispose of the whole property of this corporation."

But this provision cannot be understood as authorizing a transfer of the assets without an adequate consideration moving to the New Jersey corporation. The capital stock of the Delaware corporation was the primary consideration of the transfer or sale of the assets of the New Jersey corporation. That stock did not pass to the treasury of the New Jersey corporation; it was ordered issued to the several stockholders of the New Jersey corporation. The contemplation of the transaction was in gen-

eral effect a delivery of the stock of the Delaware corporation to the New Jersey corporation, and a distribution of that stock to the several stockholders of the New Jersey corporation contributes nothing to its vitality; our statutes touching dividends to stockholders from profits and distribution of capital to stockholders after payment of debts clearly render the entire transaction unlawful. In fact, no consideration passed, or was intended to pass, to the New Jersey corporation; that corporation was intended to be abandoned and set adrift without assets or stockholders, and its creditors were left to look to the obligation of the Delaware corporation to pay the debts of the New Jersey corporation under the contract of assumption.

It is apparent, however, that no relief can be administered in this suit through a decree setting aside the transfer of assets or declaring the transaction void or holding the directors responsible for misconduct of official duties, for the legal title to these assets is in the Delaware corporation, which corporation is not subject to the jurisdiction of this court in this suit, and the several directors are non-residents and have not appeared in this suit, and few, if any, of the assets in question are within this jurisdiction. It seems clear, therefore, that the only practicable relief which can be afforded is the appointment of a receiver of the New Jersey corporation, which is now in an insolvent condition, to the end that the receiver may pursue such remedies as are open to him to restore to the New Jersey corporation for the benefit of its creditors and stockholders the property and property rights which have been unlawfully withdrawn from it.

It is urged that complainant should be denied relief by reason of laches. Complainant had notice of the stockholders' meeting, at which the action of the directors authorizing the transfer of assets was approved, and failed to attend that meeting and thereafter learned of the action which had been taken and for a considerable time failed to protest or make known his dissent. There can be no doubt that in some circumstances laches can be attributed to a stockholder and remedies to which he would be entitled but for his laches denied. A stockholder's bill in behalf of his corporation to set aside a contract which has been made by a board of directors with its members must be promptly filed

or it cannot be maintained. But, in the present case, there is brought before, this court an insolvent corporation which has been unlawfully deprived of the legal title of its assets, and a stockholder and creditor of that corporation asks for the appointment of a receiver to conserve those assets. Without here giving consideration to the question whether laches may be attributed to a stockholder which should deny to him a right of this nature, it seems entirely clear that such laches cannot be attributed to him as a creditor. This New Jersey corporation owed complainant a large sum of money at the time this unlawful transfer of assets was made. The assumption of the debt by the Delaware corporation is not payment, and patient waiting of a creditor of a corporation for money due him is not laches which denies to the creditor the right to seek the appointment of a receiver to protect his rights as a creditor.

It also appears that since the transfer of assets the usual governor's proclamation has been made against the charter rights of defendant corporation for non-payment of taxes. This proclamation in no way interferes with the appointment of a receiver to collect the assets and wind up the affairs of the insolvent corporation.

I will advise a decree for the appointment of a receiver.